**UNITED STATES of America**

v.

**Elmer VAZQUEZ–LEBRON, Appellant.**

No. 08–3222.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) March 13, 2009.

Filed: Oct. 2, 2009.

Martin C. Carlson, United States Attorney, Christy H. Fawcett, Assistant U.S. Attorney, Harrisburg, PA, for Appellee.

James V. Wade, Federal Public Defender, Frederick W. Ulrich, Assistant Federal Public Defender, Harrisburg, PA, for Appellant.

Before: FUENTES, CHAGARES, TASHIMA,* Circuit Judges.

* The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## OPINION

TASHIMA, Circuit Judge:

On July 16, 2008, Elmer Vazquez–Lebron ("Vazquez") was sentenced to 48 months' imprisonment for conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. Vazquez appeals, arguing that the District Court committed plain error by failing to give him the benefit of the downward departure that it granted in exchange for his substantial assistance in the prosecution of other offenders. We agree and, therefore, will vacate Vazquez's sentence and remand to the District Court for resentencing.

## I. Facts and Procedural History

Vazquez pled guilty to one count of conspiracy to possess cocaine with intent to distribute. The District Court calculated Vazquez's offense level as 23, and his criminal history category as I. Under the Sentencing Guidelines, this yielded a range of 46 to 57 months' imprisonment. At sentencing, the District Court stated that, pursuant to the government's motion and U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 5K1.1, it would grant a one-level downward departure because of Vazquez's substantial assistance in the prosecution of others, reducing his offense level to 22. The sentencing range for offense level 22, category I, offenders is 41 to 51 months' imprisonment. Thus, the reduced sentencing range overlapped with Vazquez's initial sentencing range. The District Court sentenced Vazquez to 48 months' imprisonment—within the new, lower guideline range, but also within the original, pre-departure guideline range. Vazquez did not raise any objection when the District Court imposed this sentence.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## III. Discussion

■■■ Ordinarily, we review for abuse of discretion the procedures a District Court follows in sentencing a defendant. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Because, however, Vazquez did not object to the sentence, we review for plain error. *United States v. Lloyd,* 469 F.3d 319, 321 (3d Cir.2006).

■■ As we explained in *United States v. Gunter,* 462 F.3d 237 (3d Cir.2006), sentencing, post-*Booker,*[1] requires a three-step process:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker.*

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*Id.* at 247 (internal quotation marks, citations, and alterations omitted).

■■■ The District Court erred at the second step of the process. The Court correctly calculated Vazquez's Guidelines range of 46 to 57 months' imprisonment. The Court then heard motions from both parties regarding departure, and stated on the record that it would grant a one-level downward departure in recognition of Vazquez's substantial assistance in the prosecution of other defendants. The one-level departure resulted in a range of 41 to 51 months, which overlapped with the original range. A District Court need not follow a particular formula in calculating a § 5K1.1 departure—it may be appropriate to depart by a certain number of months or guideline ranges below the initial sentencing range. *United States v. Floyd,* 499 F.3d 308, 312 n. 6 (3d Cir.2007). In granting a downward departure, however, a District Court must follow the definition set out in the Sentencing Guidelines: a downward departure is a "departure that effects a sentence less than a sentence that could be imposed under the applicable guideline range or a sentence that is otherwise less than the guideline sentence." U.S.S.G. § 1B1.1, cmt. n. 1.E. In other words, "the sentence reached after granting a departure motion must be less than the bottom of the otherwise applicable Guidelines range." *Floyd,* 499 F.3d at 312–13. By departing to a range that overlapped with the original range, and then imposing a sentence within both guideline ranges, the District Court did not meet this requirement.[2]

■■■ Under the Guidelines, as interpreted by *Floyd,* Vazquez was entitled to receive a preliminary sentence below the initial guideline range. He could have been sentenced to 48 months only if the

---

**1.** *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**2.** This is not to say that the District Court could not have reasonably sentenced Vazquez to 48 months. "The Court, for example,

could have departed below the [46 to 57] month range (at step 2), and then varied upward within the range by balancing the § 3553(a) factors (at step 3). We would review for reasonableness." *Floyd,* 499 F.3d at 314.

District Court concluded, after careful consideration, that a higher sentence was warranted because the preliminary sentence failed to reflect the seriousness of the offense, § 3553(a)(2)(A), in order to avoid unwarranted sentencing disparities among similar offenders, § 3553(a)(6), or because of any other relevant factor under § 3553(a).

 Although Vazquez failed to object to the sentence or the sentencing procedure used in his case, we will nevertheless remand for resentencing because the District Court's decision constituted plain error. Plain error requires the defendant to demonstrate that the district court committed "an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting FED.R.CRIM.P. 52). An error affects substantial rights when it is "prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. 1770. If these requirements are met, we may, at our discretion, grant relief. *Id.* at 735–36, 113 S.Ct. 1770. In general, we will grant relief "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736, 113 S.Ct. 1770 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)) (alteration in original).

The error in sentencing Vazquez was plain because the definition of "downward departure" in the Sentencing Guidelines unequivocally provides that a downward departure must result in a sentence below the otherwise applicable guideline range, and we so held in *Floyd,* 499 F.3d 308, 312–13. Further, the error was prejudicial because we cannot be sure that the district court would have imposed the same sentence if not for the error. *See United States v. Langford,* 516 F.3d 205, 215 (3d Cir.2008) ("For the error to be harmless, it

must be clear that the error did not affect the district court's selection of the sentence imposed.").

The case at bench is unlike *United States v. Faulks,* 143 F.3d 133 (3d Cir. 1998), in which we held that the District Court's decision to sentence the defendant within the guideline range after stating that it would grant a departure was harmless error. *Id.* at 137. In *Faulks,* a pre-*Booker* case, in which the procedure established by *Gunter* did not apply, it was clear that the District Court intended to impose a sentence within the guideline range. *See id.* at 135. When the court stated that it would grant a departure, it essentially attached an incorrect label to its decision to sentence the defendant within the initial guideline range. *See id.* at 137. In the instant case, by contrast, the District Court's intentions are not at all clear. The Court might have meant to depart below the guideline range, but then vary the sentence upwards. Alternatively, the Court might not have realized that it had failed to give Vazquez the benefit of the departure it had awarded. Because the Court did not accurately follow the second and third steps of the procedure set out in *Gunter,* 462 F.3d at 247, we cannot know the District Court's intention in sentencing Vazquez.

In the post-*Booker* era, very few procedural errors by a District Court will fail to be prejudicial, even when the Court might reasonably have imposed the same sentence under the correct procedure. *See Langford,* 516 F.3d at 215–16. For example, in *Langford,* we held that it was not harmless error for the District Court to calculate the defendant's guideline range as if his criminal history placed him within category IV, when category III would have been correct. *Id.* at 219. Although the District Court's ultimate sentence was within the guideline range regardless of

which criminal history category applied, we concluded that "[t]he present case is not that rare case where we can be sure that an erroneous Guidelines calculation did not affect the sentencing process and the sentence ultimately imposed." *Id.* Had the Court applied the correct guideline range, it might have sentenced the defendant differently. *Id.* Similarly, in *United States v. Lofink,* 564 F.3d 232 (3d Cir.2009), we held that it was not harmless error for the District Court to consider a motion for a downward departure together with the § 3553(a) factors in the third step of the *Gunter* procedure, rather than as a discrete second step of the process. *Id.* at 242. Although the District Court purported to take into account the same factors at stage three that it should have considered at stage two, the two stages are functionally different: "a district court's discussion at the variance stage does not necessarily shed light on what it would have done at the departure stage." *Id.* at 240.

The lesson of our post-*Booker* jurisprudence is that different procedures may lead to different sentences, and thus an error of procedure is seldom harmless. It is difficult to conclude that a District Court *would have* reached the same result in a given case merely because it *could have* reasonably imposed the same sentence on a defendant. Because the District Court did not properly apply step two and grant Vazquez the benefit of the downward departure, we do not know whether the Court would have left that lower sentence in place, or would have varied the sentence upward at step three. This type of error in sentencing may result in arbitrary differences in sentencing similarly situated defendants; we, therefore, elect to exercise our discretion and grant Vazquez relief in order to maintain the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Knight,* 266 F.3d 203, 206 n. 7 (3d Cir.2001) (holding that it is presumptively appropriate to grant discretionary relief to correct plain error in applying the Sentencing Guidelines).

Because the District Court committed plain error in imposing Vazquez's sentence, we will **VACATE** the sentence and **REMAND** the case for resentencing in accordance with this opinion.