OPINION OF THE COURT
FISHER, Circuit Judge.
A jury convicted Marco Antonio Areva-lo-Caballero (“Arevalo”) of one count of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 846. The District Court sentenced him to 100 months in prison and five years of supervised released. We will affirm the District Court’s judgment.
I.
We -write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
Arevalo worked at a Walmart store, where he befriended a coworker named Caesar Augusto Castano-Cardona (“Casta-ño”) and agreed to Castano’s request to drive a car carrying drugs from New Jersey to Philadelphia, Pennsylvania. Casta-ño received the car from an undercover informant working for Immigration and Customs Enforcement (“ICE”). Unbeknownst to either Castaño or Arevalo, ICE agents in Texas had intercepted the car after it entered the United States from Mexico, replaced the heroin found inside with sham heroin, installed a tracking device and a “kill switch” in it, and airlifted it to New Jersey in hopes of conducting a controlled delivery. On the designated day, Arevalo began driving the car to Philadelphia with Castaño trailing in another vehicle. Law enforcement agents activated the kill switch, disabling the car and forcing Arevalo to pull over. The agents subsequently arrested both Arevalo and Castaño and transported them to an ICE office, where Arevalo signed a waiver-of-rights form and told ICE agents that he knew there were drugs in the car.
Arevalo was thereafter indicted on one count of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 846. Before trial, he moved to suppress the statements he had made to the ICE agents, claiming, contrary to the testimony of one of the agents, that he had signed the waiver only after being interrogated. The District Court credited the ICE agent’s testimony and denied the motion. The jury found Arevalo guilty. Arevalo filed a motion for a new trial, which was denied by the District Court. The District Court sentenced him to 100 months in prison and five years of supervised release. Arevalo has timely appealed his conviction and sentence.[1]
II.
Arevalo argues that the District Court improperly denied his motion for a new trial and that his sentence is procedurally and substantively unreasonable.
*421 A. Motion for a New Trial
Arevalo argues that the District Court erred in denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, which provides that “[u]pon the defendant’s motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.” Fed.R.Crim.P. 33(a). “Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the [government, but instead exercises its own judgment in assessing the [gjovernment’s case.” United States v. Johnson, 302 F.3d 139, 150 (3d Cir.2002) (citations omitted). A district court may “order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred — that is, that an innocent person has been convicted.” United States v. Silveus, 542 F.3d 993, 1004-05 (3d Cir.2008) (internal quotation marks and citation omitted). “We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion.” Id. at 1005 (citation omitted). Rule 33 “motions are not favored and should be granted sparingly and only in exceptional eases.” Id. (internal quotation marks and citation omitted).
The basis for Arevalo’s Rule 33 motion is an inconsistency in the testimony of Newark-based ICE Special Agent Candido Velez, who testified at Arevalo’s suppression hearing that it was he who had installed the tracking device and the kill switch in the car in Texas, while at trial he stated that he had not done so and said, “I misspoke----I meant that to say [sic] the agents in Texas did it.” (App. al76.) Arevalo describes Velez’s testimony at the suppression hearing as false. In his view, because the District Court denied his motion to suppress his statements based on its conclusion that Velez was credible, and because Velez’s purportedly false testimony cast a pall on that credibility determination, the statements should not have been admitted at trial, thus calling the jury’s verdict into question. The District Court denied the Rule 33 motion, reasoning that Arevalo had failed both “to establish a link between Agent Velez’s inconsistent testimony at trial and the admissibility of [Arevalo]’s confession” and to cite “any evidence produced at trial that casts doubt on whether the police unlawfully obtained [the] confession.” (App.a8.)
Even if we agreed with Arevalo’s description of Velez’s testimony at the suppression hearing as false, we would still perceive no grounds for finding that the District Court abused its discretion. First, by urging us to find an abuse of discretion in the District Court’s ruling, Arevalo is essentially inviting us to reconsider the District Court’s factual basis for denying his motion to suppress, but we almost never question a district court’s credibility assessment when it “is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence^]” United States v. Igbonwa, 120 F.3d 437, 441 (3d Cir.1997) (citation omitted). Arevalo has given us no compelling reason to upset the District Court’s finding.[2]
*422 Second, the inconsistency Arevalo has highlighted for us was put squarely before the jury not only by his own counsel, but by the District Court. The jury chose to convict, and we cannot second-guess that choice merely on the basis of that inconsistency. See United States v. Haut, 107 F.3d 213, 220 (3d Cir.1997) (“[I]t is firmly established that it is the jury’s prerogative to decide all questions of credibility.” (internal quotation marks and citations omitted)).
Finally, even assuming Arevalo’s confession was admitted in error, any such error was harmless beyond a reasonable doubt, as his confession was far from the only evidence of his participation in the conspiracy. See United States v. Price, 13 F.3d 711, 720 (3d Cir.1994). Castaño testified that Arevalo agreed to drive a car loaded with drugs with full knowledge of what was inside. The government also
presented evidence of Castaño taking possession of the car, paying the informant for it, and turning it over to Arevalo. Finally, there was testimony from law enforcement authorities that Arevalo and Castaño were arrested together near the car with drugs inside and that Arevalo was the driver of the car. In brief, the evidence of Arevalo’s guilt, of which his confession represented only a part, was overwhelming. Cf. United States v. Shabazz, 564 F.3d 280, 286 (3d Cir.2009). Accordingly, we conclude that the District Court committed no abuse of discretion and will affirm its denial of Arevalo’s Rule 33 motion.
B. Sentencing
Arevalo attacks his sentence on both procedural and substantive grounds. We review both the procedural and the substantive components of his sentence for reasonableness under an abuse-of-discretion standard. United States v. Booker, 543 U.S. 220, 261-62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc). Procedurally, a district court must “follow a three-step sentencing process” by (1) accurately calculating the applicable sentencing Guidelines range; (2) formally ruling on the motions of both parties and stating on the record whether the court is granting a departure and how that departure affects the Guidelines range; and (3) considering all the factors under 18 U.S.C. § 3553(a) and adequately explaining the chosen sentence in a manner that allows for meaningful appellate court review of the reasonableness of the sentence. United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006) (citation omitted). If the district court’s sentence is procedurally reasonable, we then consider its substantive reasonableness, bearing in mind that “[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm.” United States v. Wise, 515 F.3d 207, 218 (3d Cir.2008) (citation omitted).
Turning to the procedural part of our inquiry, Arevalo argues that the District Court did not formally rule on his motion for a downward departure based on his purported status as a deportable alien and that the Court failed to indicate whether it understood that it had the discretion to grant or deny that motion. Arevalo failed to object at sentencing to the procedures followed by the District Court, and thus our review of these issues is for plain error. United States v. Vazquez-Lebron, 582 F.3d 443, 445 (3d Cir.2009). “Plain error requires the defendant to demonstrate that the district court committed an error that is plain and that affects substantial rights.” Id. at 446 (internal quotation marks, alteration and citation omitted). “An error affects substantial rights when it *423 is prejudicial: It must have affected the outcome of the district court proceedings.” Id. (internal quotation marks and citation omitted). “If these requirements are met, we may, at our discretion, grant relief.” Id. (citation omitted).
Although “[o]ur precedent ... clearly requires that district courts engage in the second step — ruling on departure motions — as a part of calculating the applicable range[,]” United States v. Lofink, 564 F.3d 232, 238 (3d Cir.2009) (internal quotation marks, other alteration, citation and footnote omitted), where the government “concede[s] the plausibility of the downward departure[,]” we may “infer that the departure motion ha[s] been denied by the court in recognition of its ability to depart had it chosen to do so[,]” United States v. Jackson, 467 F.3d 834, 839 (3d Cir.2006) (quotation marks, other alteration and citations omitted); see also Lofink, 564 F.3d at 239.
During his sentencing hearing, Arevalo asked the District Court to reduce his sentence in light of his purported deporta-bility. The government evidently considered Arevalo’s request as a motion for a Guidelines departure, arguing that “this case doesn’t present any set of unique circumstances that would take Mr. Areva-lo’s case outside the heartland[.]” (App. a366.) After hearing from the parties, the District Court correctly calculated Areva-lo’s Guidelines range as 87 to 108 months. The Court later addressed Arevalo’s purported deportability, stating as follows:
Now, there are some issues with regard to him as a deportable alien. Well, will there be some period of time following his sentence, and should that time be offset because that would be more punishment, et cetera? I don’t think that this Court has to address that, and I think that, because there is an inexactitude with regard to the amount of time that he may spend over and above this sentence in preparing to be deported, that it’s folly for this Court to try and build in some sort of consideration of that into a sentence.
(App.a374.)
Because the government rather clearly conceded the plausibility of the District Court’s discretion to depart downward, we can infer on this record that the District Court understood it had such discretion but simply chose not to exercise it, and thus there was no error at the second procedural step.[3] See Jackson, 467 F.3d at 840; United States v. Stevens, 223 F.3d 239, 247-48 (3d Cir.2000).
Turning next to the substantive component of our analysis, Arevalo contends that his 100-month prison sentence is unreasonable because the District Court did not adequately account for what he describes as his limited role in the conspiracy. Rather than point us to any relevant legal authority to compel the conclusion that the District Court abused its discretion, Are-valo has merely directed our attention to the decisions of district courts in other circuits sentencing defendants also convicted of drug offenses. That approach is flawed, as no district court’s sentencing discretion is bound by another district court’s sentencing decision. Having comprehensively reviewed the record and concluded that Arevalo’s within-Guidelines sentence “falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm.” Wise, 515 F.3d at 218.
*424 III.
For the foregoing reasons, we will affirm the District Court’s judgment.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

. The inconsistency between Velez’s suppression hearing and trial testimony regarding who outfitted the car in Texas bore on a peripheral issue wholly unconnected to the central factual dispute at the suppression hearing: whether Arevalo signed the waiver before or after being interrogated. Even if the District Court had learned during the suppression hearing that there was no truth to Velez’s statement that it was he who had outfitted the car instead of his ICE colleagues in Texas, there is no basis for concluding that the District Court would not have found Velez’s proffered sequence of events more credible than Arevalo’s, especially in light of Ve *422 lez’s later recognition of and explanation for his mistake.

. We do not mean to imply that a defendant’s deportability is necessarily a permissible ground for a downward departure. That question is still an open one in this Circuit, see United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir.1998), and we need not resolve it here.