NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 09-2606
_____

UNITED STATES OF AMERICA

v.

PETROS ISHKHANIAN,
Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-08-CR-00114-GMS-1)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2010

_____

Before: SLOVITER, NYGAARD, Circuit Judges, and RESTANI,*
Chief  International Trade Judge

(Filed: April 14, 2010)

_____

OPINION

_____

PER CURIAM.

    Appellant Petros Ishkhanian appeals his sentence of thirty months imprisonment

---

    * Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

for conspiracy to commit bank fraud.  We will affirm the District Court's Judgment and Conviction Order.

Ishkhanian pled guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud.  The District Court attributed a loss of $2,949,000 to Ishkhanian and, as a result, he received an Adjusted Offense Level ("AOL") of 22, with a Sentencing Guidelines range of forty-one to fifty-one months incarceration.  The District Court, however, varied below the guideline range and sentenced Ishkhanian to thirty months of imprisonment.  Ishkhanian argues that the District Court's determination that he joined the conspiracy during December 2007, rather than February 2008, a decision that increased the amount attributed to Ishkhanian for sentencing purposes to over $2.5 million, is contrary to law.  Ishkhanian claims that less than $2.5 million should be attributed to him, resulting in an AOL of 20, with a Guidelines range of thirty-three to forty-one months.

This Court has jurisdiction under 28 U.S.C. § 1291and 18 U.S.C. §  3742.  Here, Ishkhanian challenges only the first of a three step sentencing process, that is, the calculation of his Guidelines sentence.  See United States v. Vazquez-Lebron, 582 F.3d 443, 445 (3d. Cir. 2009).  The court "exercise[s] plenary review over legal questions about the meaning of the sentencing guidelines, but appl[ies] the deferential clearly erroneous standard to factual determinations underlying their application."  United States v. Duliga, 204 F.3d 97, 100 (3d Cir. 2000) (internal quotation marks and citation omitted).

"To establish a charge of conspiracy, the Government must show (1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [the defendant] knowingly joined." United States v. Boria, 592 F.3d 476, 481 (3d Cir. 2010). In this case, the underlying factual statements in the presentence report were undisputed, including the statement that Ishkhanian attended a meeting in December 2007 during which his son discussed plans with a co-conspirator. This evidence is sufficient to support the District Court's conclusion that Ishkhanian joined the conspiracy at that meeting. The District Court's factual determination, therefore, is not clearly erroneous.

According, we will affirm the District Court's Judgment and Conviction Order.