NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-1738

———

UNITED STATES OF AMERICA

v.

ELTON SPENCER,
                              Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-07-cr-00236-001)
District Judge: Honorable Renee M. Bumb

———

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2010

Before: McKEE, Chief Judge, SLOVITER, and RENDELL, Circuit Judges.

(Filed: October 28, 2010)

_____

OPINION

———

SLOVITER, *Circuit Judge*.

Appellant Elton Spencer pleaded guilty to possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The District Court sentenced him to 140 months imprisonment, the bottom of the guideline range of 140 to 175 months. Spencer appeals that sentence, which we review for reasonableness.[1] *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We will affirm.

Spencer first asserts the District Court erred procedurally by "not giving 'meaningful consideration' to the fact that the evidence strongly favored a sentencing goal of rehabilitation over imprisonment." Appellant's Br. at 13. Because he raises this challenge for the first time on appeal, we review for plain error. *See United States v. Vazquez-Lebron*, 582 F.3d 443, 446 (3d Cir. 2009).

"[A] sentence must reflect a district court's meaningful consideration of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). The sections of the statute to which Spencer refers require a District Court to consider the "nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for a sentence that "provide[s] the defendant . . . correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (a)(2)(D).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

At sentencing, the District Court explained that Spencer's offense was "very serious[,] . . . involv[ing] a significant amount of drugs," and also noted that Spencer had begun his life of crime as a juvenile and "continued on almost predictably every two years or so . . . ." App. at 89. As noted in the Presentence Report ("PSR"), Spencer was also a career offender and possessed other controlled substances at the time of his offense.[2] Our review of the record demonstrates that the District Court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a). *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").[3] Accordingly, it did not procedurally err.

Spencer next asserts that the District Court erred substantively by giving undue consideration to the goals of deterrence and retribution. We review this challenge for an

---

[2] We note the Government asserts correctly that the previous sentencing disparity for offenses involving crack cocaine and cocaine powder did not affect Spencer's sentencing range under the Guidelines. Spencer was properly deemed a "career offender" under U.S.S.G. § 4B1.1, and the PSR therefore calculated his base offense level at 32. *See United States v. Mateo*, 560 F.3d 152, 154-55 (2009).

[3] To the extent Spencer relies on *United States v. Manzella*, 475 F.3d 152, 157-59 (3d Cir. 2007), that case is inapposite because there is no evidence here that the District Court imprisoned Spencer solely to provide rehabilitation.

abuse of discretion, s*ee Gall v. United States*, 552 U.S. 38, 51 (2007); *Tomko*, 562 F.3d

at 564-67, giving "great deference" to the District Court's determination, *Lessner*, 498

F.3d at 204. In doing so, we ask whether the final sentence "was premised upon

appropriate and judicious consideration of the relevant factors." *Id.* (internal quotation

marks omitted).

As already stated, the District Court characterized Spencer's offense as "very

serious" and emphasized that the sentence "must reflect the seriousness of the offense,

the need to promote respect for the law, and to provide just punishment." App. at 90; *see*

18 U.S.C. § 3553(a)(2)(A). It also noted that Spencer had committed prior offenses and

that the District Court's sentence "must specifically deter [him]." App. at 90; *see* 18

U.S.C. § 3553(a)(2)(B). The Court also considered in mitigation that Spencer had not

engaged in criminal activity for some time, and had accepted responsibility. Spencer

argues that the District Court's "undue emphasis on the generic need for deterrence and

retribution" suggests that the Court had predetermined its sentence. Appellant's Br. at

14. We disagree. Indeed, the Court merely considered relevant factors. We find no

abuse of discretion.[4]

---

[4] In his Pro Se Supplemental Brief, Spencer contests the
District Court's jurisdiction and raises other challenges. In failing
to raise the issues before his plea, Spencer waived any challenge
to improper venue, lack of personal jurisdiction, and defects in
instituting the prosecution. Fed. R. Crim. P. 12(b)(3), (e).
Spencer's other arguments also lack merit. He contends that
district courts lack subject-matter jurisdiction over criminal matters

Accordingly, we will affirm Spencer's sentence.

_____

but 18 U.S.C. § 3231 properly confers such jurisdiction. He also disputes the United States Attorney's power to represent the United States in criminal matters, the authority of which is codified in 28 U.S.C. § 547(1). Finally, the Supreme Court's decision in *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am. Inc.*, 508 U.S. 439, 448 (1993), emphatically rejects Spencer's argument that Title 21 of the United States Code is void for Congress's failure to enact the Code into positive law.