NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1633
_____

UNITED STATES OF AMERICA

v.

STEPHEN IANIERI,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-03-cr-00553-001)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: July 31, 2013 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Stephen Ianieri appeals from the sentence imposed by the District Court following

a violation of the conditions of his supervised release.  We will vacate Ianieri's sentence

and remand to the District Court for resentencing.

I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts that are necessary to our analysis.

In 2004, Ianieri pleaded guilty to three federal bank fraud charges and was sentenced to 15 months' imprisonment followed by five years of supervised release. In July 2005, Ianieri was released from prison and began his term of supervised release, which was scheduled to end in July 2010. In October 2009, Ianieri was arrested in New Jersey and charged under state law with unlawful possession of a firearm.

With the New Jersey charges still pending, the District Court held a violation hearing in December 2009, at which it modified Ianieri's supervised-release conditions to include three months of home confinement, but otherwise continued the hearing to await the outcome of the New Jersey charges.

On July 4, 2010, Ianieri's five-year term of supervised release ended. In October 2010, Ianieri was charged in Bucks County, Pennsylvania with state law charges of theft by unlawful taking, receipt of stolen property, deceitful business practices, and passing bad checks.

In March 2011, Ianieri was tried and convicted on the New Jersey charges and received an aggregate sentence of five years' imprisonment. In December 2011, the District Court held a second supervised-release violation hearing, at which it found that

the New Jersey conviction constituted a violation of Ianieri's supervised release, but deferred sentencing due to a question about whether the resolution of the Bucks County charges would affect Ianieri's ability to receive substance abuse treatment in prison.

In January 2012, Ianieri was convicted on the Bucks County charges and sentenced to two-to-four years' imprisonment, to be served concurrently with his New Jersey sentence. In February 2012, the District Court held a final supervised-release violation hearing, at which the court found that Ianieri had "violated the terms of [his] supervised release as a result of the commission of crimes in Bucks County, Pennsylvania, and crimes in New Jersey." App. at 86. The District Court then revoked Ianieri's supervised release and sentenced him to 18 months' imprisonment, consecutive to the five-year New Jersey sentence.

Ianieri's timely appeal to this Court followed.

II.

The District Court had jurisdiction at Ianieri's supervised-release revocation hearings under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Because Ianieri never objected before the District Court on the grounds asserted here, we review for plain error. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). We may reverse a district court's decision on plain error review only if we

conclude that (1) there was an error; (2) the error was "plain," that is, "clear" or "obvious"; (3) the error "affect[s] substantial rights," which "in most cases" means that the error must have been prejudicial; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-36 (1993) (internal citations omitted).

## III.

Ianieri argues that the District Court committed plain error when it relied in part on post-supervision misconduct (the October 2010 Bucks County offenses) in arriving at its 18-month consecutive reimprisonment sentence. We agree.

The government concedes that the District Court erred when it found that the Bucks County conviction constituted a supervised-release violation, and it makes no attempt to dispute that this error was "plain." Gov't Br. at 33. Instead, the government argues that Ianieri cannot show prejudice because he cannot prove that "the result of [the] proceedings would have been different." *Id.* at 35. This is so, the government claims, because (1) the Bucks County conviction involved "far less serious" offenses than did the New Jersey conviction and (2) the District Court had discretion to consider the Bucks County conviction as part of its normal deliberation under the factors set forth in 18 U.S.C. § 3553(a).

In *United States v. Vazquez-Lebron*, we held that a district court's procedural error in applying a one-level downward departure was prejudicial "because we cannot be sure

4

that the district court would have imposed the same sentence if not for the error." 582 F.3d 443, 446 (3d Cir. 2009). We observed that "[i]t is difficult to conclude that a District Court *would have* reached the same result in a given case merely because it *could have* reasonably imposed the same sentence on a defendant." *Id.* at 447. Here, although the government correctly points out that the District Court could have considered the Bucks County conviction under the § 3553(a) factors, there is no way to know whether the District Court would have still decided to impose an 18-month consecutive sentence if it had realized that the conduct leading to Ianieri's Bucks County conviction occurred after the expiration of his supervised release. Because this type of error "may result in arbitrary differences in sentencing similarly situated defendants," we will exercise our discretion and grant Ianieri relief "in order to maintain the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 447.

## IV.

For the reasons set forth above, we will vacate Ianieri's sentence and remand to the District Court for resentencing.