NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3539

———————

UNITED STATES OF AMERICA

v.

JASON MITCHELL,

Appellant

———————

On Appeal from United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cr-00306-003)
District Judge: Honorable James M. Munley

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2018

Before: SMITH, *Chief Judge*, McKEE and FISHER, *Circuit Judges*.

(Opinion Filed: January 29, 2019)

———————

OPINION*

———————

FISHER, *Circuit Judge*.

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Jason Mitchell violated the terms of his supervised release. The District Court revoked his release and sentenced him to a term of imprisonment followed by additional supervised release. Mitchell appeals. His counsel argues that the appeal does not present any nonfrivolous issues and moves to withdraw under *Anders v. California*.[1] We will grant the motion and affirm.

## I.

After passing counterfeit bills at a casino, Mitchell pled guilty to conspiracy to utter and deal counterfeit obligations.[2] The District Court sentenced him to twenty-one months' imprisonment and two years' supervised release.

Mitchell completed his prison term and began his supervised release in February 2017. Within a few months, he had committed multiple violations of the terms of his release. In March, the New York City police arrested him for driving with a revoked license. Then, twice—in April and June—Pennsylvania state troopers arrested Mitchell and charged him with offenses including driving under the influence. Mitchell also violated his release terms by failing to make required restitution payments and failing to undergo substance abuse and mental health evaluations.

The probation office petitioned to revoke Mitchell's supervised release. At his supervised release revocation hearing, Mitchell's counsel indicated that Mitchell would

---

[1] 386 U.S. 738 (1967).
[2] 18 U.S.C. §§ 371 (conspiracy), 472 (uttering), 473 (dealing).

admit Grade C violations, which, given his criminal history category, would warrant eight to fourteen months' imprisonment under the U.S. Sentencing Guidelines.[3] Mitchell then said, "I accept responsibility, but I would like the Court to take judicial notice on a lot of . . . extenuating circumstances."[4] The judge answered that he would "gladly do that," and Mitchell then said, "I do take responsibility for, you know, some of the violations, the violations that occurred in this violation report . . . ."[5] Because it seemed that Mitchell might be equivocating, the judge directed the Government to question him, and he admitted each of the alleged violations. The Government requested a sentence at the high end of the Guidelines range, plus an additional year of supervised release. Mitchell's counsel and Mitchell himself addressed the court to discuss the circumstances of the violations.

The District Court stated that a sentence within the Guidelines range would "provide the adequate punishment and deterrence."[6] The court revoked Mitchell's supervised release, and "in view of the considerations expressed in Section 3553(a)," sentenced him to a prison term of twelve months and a day followed by one year of supervised release.[7] Counsel filed this appeal and then filed a motion to withdraw, arguing that there are not any nonfrivolous grounds for appeal.

---

[3] U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a).
[4] App'x 76.
[5] *Id.*
[6] App'x 81.
[7] App'x 82.

## II.

The District Court had jurisdiction over Mitchell's "offenses against the laws of the United States."[8] Therefore, it also had jurisdiction to revoke Mitchell's supervised release.[9] We have appellate jurisdiction to review the District Court's final judgment[10] and sentence.[11] We review both the revocation of supervised release and the reasonableness of the sentence for abuse of discretion.[12] However, because Mitchell made no objections at sentencing, we would reverse only if any error met the plain-error standard.[13] Under that standard, we may, in our discretion, grant relief if there is an error that is plain and affects the appellant's substantial rights.[14]

## III.

Our local rule "reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representation."[15] Under that rule, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and

---

[8] 18 U.S.C. § 3231.

[9] *Id.* § 3583(e).

[10] 28 U.S.C. § 1291.

[11] 18 U.S.C. § 3742(a).

[12] *United States v. Thornhill*, 759 F.3d 299, 307 n.9 (3d Cir. 2014); *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

[13] *United States v. Vazquez-Lebron*, 582 F.3d 443, 445 (3d Cir. 2009).

[14] *Id.* at 446.

[15] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

supporting brief pursuant to [*Anders*]."[16] When reviewing an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[17] At the first step, the brief must show that counsel has "thoroughly examined the record in search of appealable issues" and must "explain why the issues are frivolous."[18] If the brief appears adequate, our analysis at the second step does not require "a complete scouring of the record";[19] rather, we are "guided in reviewing the record by the *Anders* brief itself."[20]

Here, the brief satisfies the requirements, and our independent review of the record reveals no nonfrivolous issues. Counsel identifies three possible issues for appeal: (1) the District Court's jurisdiction, (2) the adequacy of the proof of a violation of supervised release, and (3) the reasonableness of the sentence. Mitchell was given the opportunity to file a *pro se* brief, but did not do so.

There is no issue of arguable merit with regard to jurisdiction, which the District Court clearly possessed.[21] Nor is there any issue of arguable merit with regard to proof of Mitchell's violations of his supervised release: in response to the Government's questioning, Mitchell admitted each specific violation. In addition, there is no question

---

[16] 3d Cir. LAR 109.2(a) (2011).
[17] *Youla*, 241 F.3d at 300.
[18] *Id.*
[19] *Id.* at 301.
[20] *Id.* (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)).
[21] 18 U.S.C. §§ 3231, 3583(e).

regarding the voluntariness of his admission. Both the judge and Mitchell's counsel explained that he had the right to a hearing at which the Government would have been required to prove his violations. Mitchell still chose to admit the violations.

Finally, there is no issue of arguable merit with regard to the reasonableness of Mitchell's sentence. The District Court did not commit procedural error, such as calculating the Guidelines sentence incorrectly or imposing a sentence based on clearly erroneous facts.[22] The court correctly calculated the Guidelines range: eight to fourteen months.[23] Mitchell and his counsel both addressed the court and explained the circumstances of Mitchell's violations, mainly the lack of permission to obtain a higher-paying job outside the judicial district. The District Court did not rely on any clearly erroneous facts; it stated that it "considered all of [the] matters" that Mitchell and his counsel spoke about, as well as "the considerations expressed in Section 3553(a)."[24]

The *Anders* brief states that Mitchell "wishes to argue that the [District Court] did not have authority to impose an additional year of supervised release."[25] There is no arguable merit to that issue. "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after

---

[22] *See Gall v. United States*, 552 U.S. 38, 51 (2007).
[23] U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a).
[24] App'x 81, 82.
[25] *Anders* Br. at 18.

imprisonment."[26] That term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release"—here, three years for Mitchell's violation of 18 U.S.C. § 371, a Class D felony—"less any term of imprisonment that was imposed upon revocation of supervised release"—here, twelve months and a day.[27] Accordingly, the District Court could have imposed nearly two years' supervised release. The term actually imposed, one year, was well within the statutory bounds.

Where a sentence is procedurally sound, as here, we next consider its substantive reasonableness.[28] The sentence of twelve months and a day is within the Guidelines range, and the term of supervised release is well under the statutory limit. Mitchell committed multiple violations in rapid succession shortly after his supervised release began, so we cannot say that "no reasonable sentencing court would have imposed the same sentence."[29] Thus, there is no issue of arguable merit regarding the substantive reasonableness of the sentence.

## IV.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence.

---

[26] 18 U.S.C. § 3583(h).
[27] *Id.* § 3583(b)(2), (h).
[28] *Gall*, 552 U.S. at 51.
[29] *United States v. Freeman*, 763 F.3d 322, 340 (3d Cir. 2014) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)).