

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# USA v. Colian

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Colian" (2007). *2007 Decisions.* Paper 1312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-4800 & 06-2986

UNITED STATES OF AMERICA

v.

MARK ALAN COLIAN,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 05-cr-00110-1)
District Judge: The Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 12, 2007

Before: SMITH and COWEN, *Circuit Judges*,
and YOHN, *District Judge**

(Filed: April 13, 2007)

OPINION

---

*The Honorable William H. Yohn, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

PER CURIAM.

In this case we examine the question of whether the District Court acted unreasonably when it pronounced a 48-month sentence on remand after three of the seven original counts against the defendant were dismissed, having previously imposed a 63-month sentence. We hold that this sentence is not unreasonable.

I.

In this non-precedential opinion, we write only for the parties, and therefore our factual recitation is brief. At issue is Mark Colian's appeal from his re-sentencing. After a jury trial, Colian was found guilty of seven counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). The District Court sentenced him to 63 months, explaining that "[t]his term consists of nine months on each count, to be served consecutively." In his initial appeal, Colian alleged that his request for a motion for acquittal should have been granted as to Counts Two, Three, and Five because the Government failed to prove that the letters Colian mailed which were the basis of those charges contained the powdery substance that had been inside the other envelopes. Those letters contained only the statement "Death to Israel! Death to America! Allah is great," which did not constitute a true threat. The Government agreed and filed a motion to remand for resentencing in this Court, conceding that the motion for acquittal as to Counts Two, Three, and Five should have been granted. This Court granted the motion.

On May 30, 2006, the District Court resentenced Colian to 48 months, explaining that "[t]his term consists of 12 months on each count to be served consecutively." The

2

District Court offered no further explanation of its sentence, except to overrule the objections of defense counsel to the Government's request for the upper end of the Guidelines and to state that "I have to treat this matter seriously." On June 9, 2006, the Court issued an order explaining the "background" of the Judgment and Commitment Order. In this statement, the Court explained that "[a]lthough full consideration was given to the § 3553 factors in resentencing Colian, the record at sentencing does not reflect that fact." The Court then set forth its reasons, in accordance with 18 U.S.C. § 3553(a), for sentencing Colian to 48 months.

Colian now argues that his sentence of 48 months should be reduced by 12 months, for a total of nine months per count, as his original sentence accorded nine months per count. Colian also asserts that his sentence was unreasonable because the District Court did not consider the § 3553(a) factors.

## II.

The procedure followed in resentencing Colian is problematic. During the resentencing hearing, the Court failed to mention its consideration of any of the 18 U.S.C. § 3553(a) factors. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) ("To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors."). Instead, the Court's reasoning came 10 days after the sentencing hearing, on the final day for Colian to file an appeal from the judgment of sentence.

Subsection (c) of § 3553 provides that "[t]he court, *at the time of sentencing*, shall

state *in open court* the reasons for its imposition of the particular sentence...." 18 U.S.C. § 3553(c) (emphasis added). At the time of sentencing, the District Court offered only its observation that the matter needed to be treated seriously. This statement was insufficient to satisfy the requirements of § 3553. Consequently, the delayed explanation of the Court's reasoning was erroneous.

Even though it was error for the District Court to omit the discussion of the § 3553(a) factors from the sentencing hearing, this error was harmless. *See United States v. Vazquez*, 271 F.3d 93, 103 (3d Cir. 2001) ("[S]entencing errors can also be harmless...."). In *United States v. Stevens*, 223 F.3d 239, 241-46 (3d Cir. 2000), this Court applied plain error review to the district court's failure to verify that the defendant had read and discussed the presentence report with his attorney, as required by Federal Rule of Criminal Procedure 32. The *Stevens* panel noted that although "we have allowed for a more functional fulfillment of the rule," the district court "fell short of even this mark." *Id.* at 241-42. Because Stevens did not object to the omission of the verification, the panel reviewed for plain error, and concluded that although the error was plain, it did not affect Stevens' substantial rights, and therefore was not reversible error. *Id.* at 243; *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) (applying plain error review to a defendant's argument that the district court failed to give a sufficient statement of reasons under § 3553(c)). Similarly, although the District Court's omission here was plain, it did not violate his substantial rights because the sentence was reasonable.

The District Court's explanation, though tardy, satisfies the requirement that the

4

court consider the § 3553(a) factors on the record in shaping a sentence.[1] *See Cooper*, 437 F.3d at 329 ("The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors."). The Court evaluated the nature of the crime, the defendant's individual characteristics and criminal history, the deterrent effect of the sentence, the applicable guideline range, the defendant's behavior while incarcerated and on parole, the relevant conduct of the discharged counts, prior prison discipline relating to the circumstances of this case, and the likelihood of recidivism. Based on these factors, the 48-month sentence was not unreasonable. The fact that the Court initially explained that the 63-month sentence was divisible into nine-month increments for each of the seven original counts does not render the revised 48-month sentence unreasonable. The Court explained that it considered the seriousness of the offense to require a longer period of incarceration than the 36 months requested by defense counsel, and adequately stated its reasoning under § 3553(a).

Notwithstanding the reasonableness of the sentence, we strongly discourage the procedure that was followed here. We reiterate the mandate of § 3553(c) and the presumption in our case law that all issues pertaining to the pronouncement of sentence

[1]We note that even though the record at the time Colian took his initial appeal on May 31, 2006 did not contain the District Court's June 9, 2006 explanation, neither party has objected to the inclusion of this docket entry in the record on appeal. *See* FED. R. APP. P. 10(a)(3) (the record on appeal includes docket entries). Colian filed his second appeal on June 9, 2006, challenging his sentence. However, as Colian does not argue that the June 9 order is not properly part of the record on appeal, and indeed has included it in his own submissions and framed the issue in terms of the reasonableness of his sentence, we proceed to reasonableness review.

will be addressed at the sentencing hearing while the defendant is present. *See Cooper*, 437 F.3d at 330 n.8 ("[S]entencing judges normally state and resolve sentencing issues from the bench while the sentencing proceeding is underway."); *id.* at 332 ("There are no magic words that a district judge must invoke *when sentencing*, but the record should demonstrate that the court considered the § 3553(a) factors...." (emphasis added)); *see also United States v. Severino*, 454 F.3d 206, 212 (3d Cir. 2006) (evaluating what the district court said at the sentencing hearing); *United States v. Cooper*, 394 F.3d 172, 175 (3d Cir. 2005) (noting that "[f]rom the bench the District Court explained its reasons..."); *Stevens*, 223 F.3d at 246 ("[D]istrict court errors like this one are regrettable and easily avoidable, and we exhort district courts to engage in the "simple practice" of addressing defendants directly...."). As this Court explained in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007):

> The rationale by which a district court reaches a final sentence is important. It offers the defendant, the government, the victim, and the public a window into the decision-making process and an explanation of the purposes the sentence is intended to serve. It promotes respect for the adjudicative process, by demonstrating the serious reflection and deliberation that underlies each criminal sentence, and allows for effective appellate oversight.

*Id.* at 572. Our opinion today does not derogate from the principle that a contemporaneous explanation of the rationale should accompany the pronouncement of sentence.

For the foregoing reasons, we will affirm the judgment of the District Court.