

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# USA v. Tinajero-Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2414

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Tinajero-Rivera" (2008). *2008 Decisions.* Paper 1169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2414

_____

UNITED STATES OF AMERICA

v.

RUBEN TINAJERO-RIVERA,
Appellant

_____

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 06-cr-00282)
District Judge:  Hon. Malcolm Muir

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

(Filed: May 21, 2008 )

_____

*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Prison staff at the Federal Correctional Institution in Allenwood, Pennsylvania, found defendant, Ruben Tinajero-Rivera, in possession of a five and three-quarter inch homemade knife while he was an inmate at that institution. Tinajero-Rivera was charged with possession of a weapon by an inmate in violation of 18 U.S.C. § 1791(a)(2), and he pled guilty to that offense.

At sentencing, counsel for Tinajero-Rivera and the prosecution each filed sentencing memoranda with the Court. The District Court calculated Tinajero-Rivera's sentencing range under the advisory Sentencing Guidelines at two to two-and-a-half years and sentenced him to a term of incarceration of two years, at the low end of the Guidelines range. The Court also ordered him to pay a special assessment of $100 and ordered a two-year term of supervised release following his incarceration.

In this appeal, defendant argues that his sentence was unreasonable because the District Court failed adequately to take into consideration certain facts he presented to the Court in support of a discretionary downward sentencing variance. Defendant asks us to vacate his sentence and remand the case to the District Court for a new sentencing proceeding. We will decline to do so and instead will affirm defendant's sentence.

2

We interpret the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), to require district courts to undertake the following three steps when sentencing defendants under the Guidelines: (1) calculate the applicable Guidelines range; (2) formally rule on any motions under particular Guidelines provisions providing for departures from the Guidelines range; and (3) after considering the particular facts of the case and the sentencing factors set forth in 18 U.S.C. § 3553(a), exercise its post-*Booker* discretion to determine whether the case warrants a deviation from the Guidelines range. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). We have termed discretionary deviations from the Guidelines range under step three "variances." *Id*. at 247 n.10.

We review all criminal sentences imposed by the district courts under the Guidelines, whether the sentence is within the Guidelines range or outside of it, for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006). Our reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a), the same factors that district courts are to consider. *Id*. at 327. Before we can determine whether the District Court imposed an unreasonable sentence, we must first satisfy ourselves that the Court exercised its discretion by considering the relevant sentencing factors. *Id*. at 329. *See also United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006).

Sentencing courts must state their reasons for imposing a particular sentence, 18 U.S.C. § 3553(c), and when imposing the sentence courts must give meaningful

3

consideration to the relevant § 3553(a) factors, *Cooper*, 437 F.3d at 329, but courts need not "state on the record that [they] ha[ve] explicitly considered each of the § 3553(a) factors or [] discuss each of the § 3553(a) factors . . . . Rather, courts should observe the requirement to state adequate reasons for a sentence on the record so that [we] can engage in meaningful appellate review." *Charles*, 467 F.3d at 831 (internal quotation marks and citations omitted). Furthermore, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007). It is true that "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Id*., at 2468. However, "[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit." *Cooper*, 437 F.3d at 329 (internal citation omitted).

Tinajero-Rivera argues that his sentence was unreasonable because the Court failed adequately to address his arguments for a downward sentencing variance. Tinajero-Rivera emphasizes that he had argued to the Court that possession of the homemade knife was not unusual given the potential for violence in the prison, and that possession was solely for defensive purposes. He also argued that he did not use or brandish the weapon, and he asked the Court to take into consideration the fact that he was found with the weapon while he was receiving institutional administrative punishment that had isolated him from his family, and that he was going to be deported

4

after serving his term.

After receiving arguments from both parties, the District Court issued a "Statement of Reasons" in which it set forth the facts and history of this case and detailed defendant's lengthy prior criminal record and immigration history. The Court stated that "[t]he Government and Defendant have submitted briefs addressing the factors set forth in 18 U.S.C. § 3553(a) and we have thoroughly reviewed those briefs." Statement of Reasons at 1. The Court concluded:

> We have considered carefully all of the factors set forth in 18 U.S.C. § 3553(a), including defendant's age, family, educational and employment background, his prior criminal record, and the advisory guideline imprisonment range of 2 years to 2 ½ years. We have also considered the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct and the need to impose a sentence that is sufficient, but not greater, than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).
>
> The reasons for the sentence imposed in this case are to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to deter the Defendant and other persons similarly situated. We discern no reason to deviate from the guideline imprisonment range and conclude that a sentence at the bottom of the range is reasonable.

*Id*. at 3-4. Although the Court did not individually recite and respond to each and every argument presented by defendant, the Court considered the § 3553(a) factors and the arguments of both parties, and it found no reason to deviate from the Guidelines range. The Court clearly stated its reasons for imposing the sentence that it imposed, and its opinion was adequate for us to engage in meaningful review of the reasonableness of

5

defendant's sentence.  We agree that defendant's sentence was reasonable based on the factors set forth in 18 U.S.C. § 3553(a).  Therefore, we will affirm the judgment of the District Court.