**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3325
_____

UNITED STATES OF AMERICA

v.

CHINA LEE SCOTT,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:16-CR-00079-001)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2017
_____

Before: McKEE, COWEN, and FUENTES, *Circuit Judges*.

(Opinion filed:  June 15, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

China Scott appeals the sentence that was imposed after she pled guilty to one count of healthcare fraud. For the reasons that follow, we will affirm.

**I**

Scott's nursing license had previously been revoked based on a 2005 conviction for healthcare fraud. Close to ten years later, in September 2015, Scott pled guilty to one count of making false statements related to health care matters under 18 U.S.C. § 1035 (a)(2) (MDPA 1:15-CR-00191).[1] One of the conditions of her release pending sentencing was that she not seek employment in the healthcare field. As a result, the United States Department of Health and Human Services listed her as an "excluded individual," which precluded her from receiving federal payment for healthcare services provided.

Despite the prohibition, Scott entered employment with a home healthcare services agency in November 2015. As part of her employment duties with that agency, Scott served as a home healthcare aide for at least one recipient of both Medicaid and Medicare (federally-funded healthcare benefit programs) in violation of that condition for release.

Consequently, in March 2016, Scott was indicted by a grand jury, and again charged with health care fraud in violation of 18 U.S.C. § 1347 (MDPA No. 1:16-CR-00079). The Presentence Report for the March 2016 indictment calculated a total offense

---

[1] This appeal concerns only MDPA No. 1:16-CR-00079.

level of six and a criminal history category of III.[2]  Relevant to this appeal, the Probation

Office did not reduce Scott's offense level for acceptance of responsibility.  Probation

calculated Scott's Guideline range as two to eight months' imprisonment.  The Probation

Office also calculated the restitution Scott owed to be $2,103.

In July 2016, the District Court conducted a combined change of plea and

sentencing hearing in this case (MDPA 1:16-CR-00079), together with the sentencing

hearing for her September 2015 case (MDPA No. 1:15-CR-00191).  The judge explained

at the hearing that the Sentencing Guidelines were the "starting point," but that she could

"vary or depart from [them] upward or downward depending on what [it] finds as a result

of the pre-sentence report."[3]  She then imposed the sentences: twenty-one months'

imprisonment and payment of $112,434.80 in restitution for MDPA No. 1:15-CR-00191;

and twelve months' imprisonment and payment of $2,103 in restitution in the instant case

(MDPA 1:16-CR-00079), with the prison time to be served consecutive to that imposed

in MDPA No. 1:15-CR-00191.[4]

---

[2] The Presentence Report for MDPA No. 16-CR-00079 further stated that an upward departure from the Guidelines range "may be warranted to adequately reflect the seriousness of the defendant's criminal history and the likelihood that she will reoffend." PSR (MDPA No. 1:16-CR-00079) at 16.

[3] App. 19–20.

[4] The District Court had subject matter jurisdiction over the revocation hearing under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

As to MDPA 1:16-CR-00079, the District Court stated that it "relied pretty much on the pre-sentence report that was filed . . . ."[5] The judge explained her decision not to credit Scott for acceptance of responsibility as follows:

> [Scott] committed the instant offense after she pled guilty to her related healthcare matters and was awaiting sentencing in this case, which was just imposed today, and she is still out there not learning her lesson. . . . Under application note under the commentary 3, it also says, a Defendant who enters a plea of guilty is not entitled to an adjustment under this section as a matter of right. [Scott's] initial appearance on this was March 18, and she was under pretrial services supervision during that period of time, and has continued to be involved in fraud. I don't believe that she is deserving of acceptance of responsibility under the circumstances of this case.[6]

Also relevant to this appeal, the District Court reached its sentencing decision in MDPA 1:16-CR-00079 by departing upward from the Sentencing Guidelines.[7] Scott did not object to the sentence, nor did she object to the restitution assessment.[8]

Scott now appeals the sentence in MDPA No. 1:16-CR-00079.[9] She argues that the District Court provided no record basis for imposing an upward departure to the suggested Guidelines range. She further claims that the District Court abused its discretion by denying her credit for acceptance of responsibility and by inappropriately

---

[5] App. 34.

[6] App. 35–36.

[7] Specifically, the District Court made an upward departure from the Sentencing Guideline of two to eight months by sentencing Scott to twelve months' imprisonment. App. 36. The District Court issued a Statement of Reasons explaining its upward departure and final sentence. The Statement of Reasons was filed under seal.

[8] Scott objected to the lack of credit for Acceptance of Responsibility, which the District Court ruled against.

[9] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

duplicating the restitution judgment from MDPA No. 1:15-CR-00191. We consider these challenges below.

## II.

### A.    Acceptance of Responsibility and Restitution

#### 1.    Acceptance of Responsibility

A court's determination of a defendant's acceptance of responsibility is a factual matter that we review for clear error.[10] "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, [so] the determination of the sentencing judge is entitled to great deference on review."[11] In considering Scott's claim, we also note that it is generally a defendant's burden to show, by a preponderance of the evidence, that she is entitled to any reduction.[12] The sentencing judge is responsible for determining, in light of the totality of the circumstances, whether a defendant has met that standard.[13]

As we have already noted, the court clearly explained why it was not impressed with Scott's claim that she was accepting responsibility and entitled to a sentencing reduction. Based on our review of the record and the circumstances of this case, the District Court did not err in concluding that Scott was not entitled to a reduction for acceptance of responsibility. The District Court concluded that Scott was "still . . . not

---

[10] *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995) (citing *United States v. Rodriguez*, 975 F.2d 999, 1008 (3d Cir. 1992)).

[11] Application Note 5 to U.S.S.G. § 3E1.1.

[12] *United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014) (citing *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2010)).

[13] *Id.* (quoting *United States v. Cohen*, 171 F.3d 796, 806 (3d Cir. 1999)).

learning her lesson" and had "continued to be involved in fraud."[14]  The accuracy of that

finding is obvious given Scott's conduct.  There was no error, and we will affirm the

District Court's denial of credit for acceptance of responsibility.

2. Restitution Judgment[15]

Scott next argues that the District Court imposed $114,537.80 restitution "for no

reason" and characterizes the District Court's judgment as a "clerical error" that this

Court should correct.  However, the record demonstrates that the District Court set the

restitution in this case, MDPA No. 1:16-CR-00079, at $2,103.[16]  We find no error in its

doing so.

B. Upward Departure

Generally, a district court follows a three-step process in sentencing: 1) calculate a

defendant's Guidelines sentence; 2) formally rule on the parties' respective motions and

state on the record whether it is granting a departure as well as how that departure affects

---

[14] App. 35–36.  The Sentencing Guidelines provide numerous, nonexclusive factors that a sentencing court may consider in determining the propriety of any reduction, and one of these is a defendant's voluntary withdrawal from criminal conduct or associations.  *See* U.S.S.G. § 3E1.1, App. Note 1(B).

[15] This Court reviews the legality of a district court's restitution order de novo, but reviews specific awards for abuse of discretion.  *United States v. Turner*, 718 F.3d 226, 235 (3d Cir. 2013).

[16] App. 36–37, 39–40.  Earlier in the sentencing hearing, the District Court imposed restitution in MDPA No. 1:15-CR-00191 in the amount of $112,434.80.  App. 30–31. The District Court then went on to impose a separate $2,103 restitution award for MDPA No. 1:16-CR-00079.  App. 36–37, 39–40.  At no point did the District Court state that the combined total of the two restitution award ($114,537.80) should apply in both cases, and at no point did Scott object to the $2,103 restitution award specifically for MDPA No. 1:16-CR-00079.

The District Court's Judgment ultimately entered further indicates that the restitution amount entered for this case was $2,103.  App. 7.

6

the Guidelines calculation—an analysis that should account for this Circuit's case law before *United States v. Booker*;[17] and 3) exercising its discretion pursuant to the relevant factors in 18 U.S.C. § 3553(a), irrespective of whether it varies from the sentence calculated under the Guidelines.[18]

Although this process is intended to ensure an adequate record for an appeals court to verify that the district court considered the parties' arguments,[19] a sentencing court need not address arguments or sentencing factors at length. Rather, the sentencing court need only demonstrate that it gave "meaningful consideration" to a defendant's arguments.[20] "In considering a criminal defendant's claim that a sentence is unreasonable, we inquire into whether the district court: (1) exercised its discretion by giving 'meaningful consideration' to the § 3553(a) factors; and (2) applied those factors reasonably by selecting a sentence grounded on reasons that are logical and consistent with the [§ 3553(a)] factors."[21]

Scott argues that her sentence is procedurally unreasonable.[22] She claims that the District Court failed to sufficiently articulate its reasoning in sentencing her to twelve

---

[17] 543 U.S. 220 (2005).

[18] *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (internal quotation marks, citations, and brackets omitted).

[19] *See United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007) ("[I]n order to provide for effective appellate review, the sentencing court must provide a record sufficient to allow a reviewing court to conclude that the sentencing court exercised its discretion.").

[20] *Flores-Mejia*, 759 F.3d at 256.

[21] *Ausburn*, 502 F.3d at 328 (internal quotation marks omitted).

[22] *See id.* at 328 n.29 (noting that "determining whether the district court actually exercised its discretion—has been described as 'procedural review'").

months' incarceration.  Because Scott did not object to the District Court's upward departure, we review for plain error.[23]

We do find the District Court's procedure for imposing a sentence on MDPA No. 1:16-CR-00079 troubling.  A district court can, of course, impose upward departures if, for example, "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes."[24]  But not only must a sentencing court comply with 18 U.S.C. § 3553(c)(2) by providing a written explanation of why it departed from a Guidelines range, it also must "state in open court the reasons for its imposition of the particular sentence."[25]

Here, in its Statement of Reasons—filed several days after the July 28, 2016 sentencing —the District Court explained its rationale for the upward departure.  It discussed, among other things, that Scott's criminal history was "replete with activities involving fraud and/or theft" and that she "has shown no regard for the law and has not been deterred by previous contacts with law enforcement."  The District Court recognized that a twelve-month sentence "contemplates a one level upward departure,"

---

[23] *Flores-Mejia*, 759 F.3d at 256.  Under this standard, the Court considers whether:  (1) there was an error; (2) the error was "plain"; (3) the error affects substantial rights—generally, whether the error was prejudicial; and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 259.
[24] U.S.S.G. § 4A1.3.  This rule was designed to "provide flexibility in those cases where a point-by-point calculation of the defendant's criminal history category is not alone sufficient to reflect his culpability and dangerousness."  *United States v. Harris*, 44 F.3d 1206, 1214 (3d Cir. 1995).
[25] 18 U.S.C. § 3553(c); *see Ausburn*, 502 F.3d at 330 n.33.

8

and it further explained that the departure was "sufficient yet not greater than necessary to impress upon [Scott] the seriousness of her conduct, and will protect the public from further crimes."

However, it does not appear that the court ever explained that rationale for the upward departure in open court, or in Scott's presence. During the sentencing proceeding, the Court failed to mention any of the § 3553(a) factors, much less give them any "meaningful consideration"[26] with regard to the sentencing for MDPA No. 1:16-CR-00079. Subsection (c) of § 3553 provides that "[t]he court, *at the time of sentencing*, shall state *in open court* the reasons for its imposition of the particular sentence . . . ."[27] However, during the sentencing, the District Court offered scant reasoning for its sentencing for MDPA No. 1:16-CR-00079 beyond its acknowledgment that it was relying on the Presentence Report.[28] This was insufficient to satisfy the requirements of §

---

[26] *Flores-Mejia*, 759 F.3d at 256 (internal quotation marks, citations, and brackets omitted).

[27] 18 U.S.C. § 3553(c) (emphases added).

[28] By contrast, the District Court judge, in sentencing Scott for MDPA No. 1:15-CR-00191, stated explicitly: "The sentence [of 21 months' imprisonment] is within the guideline range, and the Court finds no reason to depart." App. 33. The District Court judge further responded to the parties' arguments before sentencing Scott for MDPA No. 1:15-CR-00191 and found:

> . . . [Scott] played a significant role in carrying out the scheme. [She] was well aware that her nursing license was suspended due to a prior federal healthcare fraud conviction. She completed documents containing false information to conceal that she was operating under suspended license. And for roughly 19 months, [she] used aliases and another person's medical license number to submit false claims for payment. She was convicted in 2005 of similar conduct and suggest she was very much aware of what she was doing and the illegal nature of her activity.

9

3553.[29]  Consequently, the delayed explanation of the District Court's reasoning in the

Statement of Reasons was error.

We nonetheless find that the District Court's error did not satisfy the plain error

standard.[30]  Although the District Court's omission here was plain, it did not violate

Scott's substantial rights because the sentence was not substantively unreasonable.[31]

Based on the record that was created at the sentencing, we are satisfied that the error did

---

> With regard to assistance to the Government, I have to abide by the Government's take on what her assistance was and the reasons stated for not granting her a downward departure under 5k1.1 motion.

App. 29.
[29] *See United States v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010) ("The extent of the explanation we require of the district court may turn on whether the court has varied from the Guidelines range, and, if it has, on the magnitude of the variance.  If the court imposes a sentence outside of the Guidelines, it 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))).
[30] *See United States v. Vazquez*, 271 F.3d 93, 103 (3d Cir. 2001) ("[S]entencing errors can also be harmless . . . .").  In contrast to our case here, consider, for example, *United States v. Lewis*, 424 F.3d 239 (2d Cir. 2005).  In that case, this Court of Appeals for the Second Circuit found that the district court committed plain error by imposing a greater-than-recommended sentence and providing both an insufficient verbal explanation *and* a "bare" written explanation to support the sentence.  *Id.* at 245.
[31] *See, e.g.*, *United States v. Colian*, 228 F. App'x 179, 181–83 (3d Cir. 2007) (not precedential) (finding that the sentencing procedure the district court followed resulted in harmless error, even though the court had "failed to mention its consideration of any of the 18 U.S.C. § 3553(a) factors," and instead had issued its reasoning by way of an explanatory order several days after the sentencing hearing); *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) (applying plain error review to the defendant's argument that the district court failed to give a sufficient statement of reasons under § 3553(c)); *United States v. Stevens*, 223 F.3d 239, 241–46 (3d Cir. 2000) (applying a plain error review to the district court's failure to verify that the defendant had read and discussed the presentence report with his attorney—as required by Rule 32 of the Federal Rules of Criminal Procedure—and determining that the error, while plain, did not affect the defendant's substantial rights).

10

not contribute to the District Court imposing a materially different sentence than it would have had the error never occurred. The District Court's explanation in the Statement of Reasons, though improperly delayed and not offered in open court while the defendant was present, nevertheless satisfies the requirement that a court consider the relevant § 3553(a) factors on the record.[32] The Statement of Reasons "provide[d] [Scott] with a platform upon which to build an argument that her sentence [wa]s unreasonable."[33]

The Statement of Reasons that the court did finally provide demonstrates that the District Court considered the nature of Scott's crime; Scott's individual characteristics and criminal history; the sentence's potential deterrent effect; the applicable guideline range; and Scott's recidivism with regard to fraud and/or theft. Based on these factors, the twelve-month sentence was not unreasonable. Accordingly, despite our displeasure with the fact that these reasons were not offered in open court, we cannot conclude that Scott has shown plain error. There is simply no way for us to find "that the District

---

[32] *See United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007) ("[I]n order to provide for effective appellate review, the sentencing court must provide a record sufficient to allow a reviewing court to conclude that the sentencing court exercised its discretion."). *See also, e.g.*, *United States v. Perry*, 460 F. App'x 149, 157 (3d Cir. 2012) (not precedential) (finding that the defendant's argument that the district court "fail[ed] to adequately explain its reasons for granting an upward departure . . . lack[s] merit because the District Court complied with the § 3553(c)(2) requirement by issuing a written Statement of Reasons with its Judgment, explaining the basis for th[e] departure." The Court concluded: "Although the Statement of Reasons was filed under seal, the sentence has received meaningful appellate review."); *United States v. Tinajero-Rivera*, 278 F. App'x 150, 153 (3d Cir. 2008) (not precedential) ("The Court clearly stated its reasons for imposing the sentence that it imposed, and its opinion was adequate for us to engage in meaningful review of the reasonableness of defendant's sentence.").
[33] *Cf. Lewis*, 424 F.3d at 249 (remanding the case based on the district court's lacking statement of reasons under § 3553(c)(2)).

11

Court would have imposed a lesser sentence had defense counsel been given the required notice."[34] Indeed, on appeal, Scott levies not a single challenge to any of the specific reasons contained in the Statement of Reasons that justify the upward departure.

We nonetheless note our strong discouragement with the procedure adopted here. We have previously explained: "[T]he mandate of § 3553(c) and the presumption in our case law [is] that all issues pertaining to the pronouncement of sentence will be addressed at the sentencing hearing while the defendant is present."[35] Indeed, "sentencing judges normally state and resolve sentencing issues from the bench while the sentencing proceeding is underway."[36] This "offers the defendant, the government, the victim, and the public a window into the decision-making process and an explanation of the purposes the sentence is intended to serve."[37] Moreover, "it promotes respect for the adjudicative process, by demonstrating the serious reflection and deliberation that underlies each criminal sentence, and allows for effective appellate oversight."[38]

---

[34] *United States v. Reynoso*, 254 F.3d 467, 470 (3d Cir. 2001); *see United States v. Berger*, 689 F.3d 297, 300 (3d Cir. 2012) ("A defendant establishes that an error affected her substantial rights by showing 'that the District Court would have imposed a lesser sentence had defense counsel been given the required notice'" (quoting *Reynoso*, 254 F.3d at 470)); *United States v. Nappi*, 243 F.3d 758, 770 (3d Cir. 2001) (stating that the defendant "bears the burden of demonstrating that he was prejudiced by the District Court's error").

[35] *Id.* at 182; *see also United States v. Stevens*, 223 F.3d 239, 246 (3d Cir. 2000). ("[D]istrict court errors like this one are regrettable and easily avoidable, and we exhort district courts to engage in the 'simple practice' of addressing defendants directly . . . .").

[36] *United States v. Cooper*, 437 F.3d 324, 330 n.8 (3d Cir. 2006).

[37] *United States v. Grier*, 475 F.3d 556, 572 (3d Cir. 2007).

[38] *Id.*

Thus, despite our conclusion that the District Court's error did not violate Scott's substantial rights, we take this opportunity to reiterate "the principle that a contemporaneous explanation of the rationale should accompany the pronouncement of sentence."[39]  Indeed, absent her undeniable pattern of criminal conduct, Scott may well have been able to satisfy her high burden under plain error review here.

## III

Because we find the District Court's error harmless, we will affirm the judgment.

---

[39] *Colian*, 228 F. App'x at 183.  In *Ausburn*, this Court also found it "useful to draw attention to the continued vitality of § 3553(c)," 502 F.3d at 330 n.33, by approvingly noting Justice Scalia's observation in *Rita v. United States*, 551 U.S. 338, 382 (2007).  In *Rita*, Justice Scalia observed, as dicta, that the "explanations" § 3553(c) requires "help the [Sentencing] Commission revise the advisory Guidelines to reflect actual sentencing practices consistent with the statutory goals."  551 U.S. 338, 382 (2007) (Scalia, J., concurring in part and in judgment).  Justice Scalia further observed that the "reasonableness review g[i]ve[s] appellate courts the necessary means to reverse a district court that . . . does not comply with § 3553(c)'s requirement for a statement of reasons." *Id.* at 383.