**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 13-4171

————————

UNITED STATES OF AMERICA

v.

LEWIS WHOOLERY,

Appellant.

————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-10-cr-00144-002)
District Judge:  Honorable Joy Flowers Conti

————————————

Submitted under Third Circuit LAR 34.1(a)
on June 3, 2014

Before:  HARDIMAN, SCIRICA and ROTH, <u>Circuit Judges</u>

(Opinion filed:  September 5, 2014)

————————

O P I N I O N

————————

ROTH, <u>Circuit Judge</u>:

After a jury trial, Lewis Whoolery was convicted of conspiracy to commit wire

fraud, in violation of 18 U.S.C. § 1349.  He appeals on the ground that the government

advanced an alternate theory of prosecution at trial that amounted to either a constructive amendment or a prejudicial variance of the indictment in violation of the Fifth Amendment. We disagree and will affirm the conviction.

## I.    Background

Whoolery started First Capital Home Equity in Pittsburgh in 2001. The company worked as a residential mortgage broker. Whoolery and his employees used a variety of fraudulent practices to ensure that loans would be approved by lenders and to increase the amounts of various fees First Capital would make on the transactions it brokered. The company submitted loan applications to lenders that included appraisals of home values that were fraudulently inflated, submitted appraisals prepared by unlicensed personnel, and submitted appraisals in the names of licensed appraisers who had not actually prepared the appraisals. Unbeknownst to borrowers, Whoolery and his employees also doctored W-2 forms, pay stubs, retirement accounts statements, and bank statements to overstate borrowers' assets and increase the chances a loan would be approved by a lender. First Capital also put borrowers into loans with higher interest rates than they would have otherwise qualified for in order to generate higher profits from the yield spread premium.

A superseding indictment against Whoolery and a co-conspirator was issued on October 25, 2011. Whoolery was tried in January 2013. The seven-day trial included the testimony of thirty-one witnesses and documents from over 400 loans brokered by Whoolery and First Capital. Whoolery was convicted and sentenced to 120 months in prison and restitution of over $1.7 million. Whoolery appeals his conviction, but not his

2

sentence, which was below the Guidelines range.

## II.     Discussion[1]

### A.     Constructive Amendment

Whoolery argues that the government changed its theory of prosecution resulting in either a constructive amendment of the indictment or a prejudicial variance. Because this claim is unpreserved, we review for plain error. *United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010). To succeed under this standard, Whoolery must show that the error was plain and affected his substantial rights. *Id.* at 531 n.19 (citing *United States v. Vazquez-Lebron*, 582 F.3d 443, 446 (3d Cir. 2009)). An error affects substantial rights if it is prejudicial; that is, if it affected the outcome of the district court proceedings. *Id*

Constructive amendment of an indictment violates the Fifth Amendment guarantee that a defendant be tried only on charges presented in an indictment returned by a grand jury. *Stirone v. United States*, 361 U.S. 212, 217 (1960); *United States v. Navarro*, 145 F.3d 580, 585 (3d Cir. 1998). A constructive amendment occurs when "the evidence and jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." *Vosburgh*, 602 F.3d at 532 (quoting *United States v. Daraio*, 445 F.3d 253, 259–60 (3d Cir. 2006)).

Whoolery contends that the government's characterization of the borrowers as

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

"victims" provided a broader basis for his conviction than the superseding indictment allowed. He argues that the indictment indicates that lenders, not borrowers, were the victims of the fraud. This argument ignores the fact that identification of a victim is not an element of conspiracy to commit wire fraud.[2] Therefore, any reference to a victim or victims was superfluous and unnecessary to the elements of the charged offense. *See, e.g., United States v. Castro*, 776 F.2d 1118, 1122 (3d Cir. 1985). Moreover, the superseding indictment mentioned fraudulent actions taken toward both borrowers and lenders. Thus, the prosecution's mentioning of borrowers as victims at trial is not inconsistent with the superseding indictment.

Whoolery also argues that the jury charge was improper because it included an instruction on honest services fraud. He argues that honest services fraud is inapplicable here[3] and that its inclusion in the jury instructions permitted the jury to return a verdict predicated on that theory. Whoolery's argument fails for two reasons. First, Whoolery himself asked for the honest services fraud instruction in his proposed jury instructions. The invited-error doctrine provides that a "defendant cannot complain on appeal of alleged errors invited or induced by himself." *United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993). Because the District Court gave the honest services fraud instruction at Whoolery's urging, he cannot now seek reversal on that basis.

---

[2] To prove wire fraud, the government must establish "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of . . . interstate wire communications in furtherance of the scheme." *United States v. Andrews*, 681 F.3d 509, 518 (3d Cir. 2012).

[3] *See Andrews*, 681 F.3d at 518 (honest services fraud requires bribes or kickbacks) (citing *Skilling v. United States*, 561 U.S. 358, 409 (2010)).

Second, the instruction did not prejudice Whoolery. The jury instructions presented honest services as one of three things that the scheme to defraud could have targeted. However, there was no basis in either the indictment or the government's case at trial from which the jury could have understood that it was deciding an honest services fraud count. The jury instructions did not explain honest services fraud, but gave a detailed explanation of pecuniary fraud. There was sufficient evidence for the jury to find pecuniary fraud. Indeed, Whoolery has not challenged the sufficiency of the government's evidence. Thus, Whoolery cannot show that inclusion of the honest services fraud instruction, which he sought, prejudiced him and therefore constituted plain error. We therefore find no constructive amendment.

## B. Variance

"A variance occurs where the charging terms of the indictment are not changed but when the evidence at the trial proves facts materially different from those alleged in the indictment." *Vosburgh*, 602 F.3d at 532 (quoting *Daraio*, 445 F.3d at 259)). A variance is a reversible error only if it is likely to have surprised or has otherwise prejudiced the defendant. *Id.*

Whoolery argues that the government identified borrowers as victims at trial but did not do so in the superseding indictment. The superseding indictment, however, clearly described fraudulent practices that affected both borrowers and lenders. These practices were also part of the government's presentation at trial. The evidence provided at trial did not vary from that presented in the indictment. Additionally, Whoolery was well aware that evidence regarding the borrowers would be presented at trial and was not

surprised or misled by this testimony. He did not request a continuance and his counsel conducted extensive and well-prepared cross-examination of the borrower-witnesses. When, as here, the evidence introduced at trial matches that alleged in the indictment, there is no variance. *See Daraio*, 445 F.3d at 261 (a variance requires that the government prove something other than what is in the indictment).

### C. Prejudicial Spillover

Whoolery makes a fleeting mention of prejudicial spillover that is also unavailing. Prejudicial spillover occurs when two charges are closely linked and a court vacates one of them. *United States v. Wright*, 665 F.3d 560, 575 (3d Cir. 2012). In that case, "we must ensure that the error on the vacated charge has not affected the remaining charge." *Id.* Here, there was only one charge and it was not vacated. The doctrine of prejudicial spillover does not apply.

## III. Conclusion

For the foregoing reasons we will affirm the judgment of conviction.