DLD-316                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1334
_____

UNITED STATES OF AMERICA

v.

LEWIS WHOOLERY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00144-002)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 27, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: September 14, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Lewis Whoolery appeals pro se from the District Court's January 23, 2015 order denying his motion for a new trial. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In January 2013, a jury found Whoolery guilty of conspiring to commit wire fraud. The charge stemmed from his role in a complex mortgage fraud scheme. The District Court sentenced him to ten years in prison and three years of supervised release, and ordered him to pay restitution in the amount of $1,746,561. He appealed, and we affirmed the District Court's judgment in September 2014. See United States v. Whoolery, 579 F. App'x 78, 80 (3d Cir. 2014).

In late December 2014, Whoolery timely moved the District Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. This pro se motion alleged two pieces of newly discovered evidence relating to Whoolery's sister, Kimberly Baldwin. Baldwin, who pleaded guilty to conspiracy to commit wire fraud in 2011 for her role in the mortgage fraud, was a prosecution witness at Whoolery's trial. The first piece of evidence in support of the Rule 33 motion was an affidavit from Whoolery's and Baldwin's father. According to the affidavit, after Whoolery's trial, Baldwin told her father that she had lied during her trial testimony "to get the deal" from the Government

2

that she hoped would result in a more lenient sentence for her role in the mortgage fraud.[1]

The second piece of evidence is the fact that, after Whoolery's trial, Baldwin was convicted, in an unrelated case, of making false statements to the Government.

On January 23, 2015 (three days after the Government filed its opposition to Whoolery's Rule 33 motion), the District Court denied the motion without an evidentiary hearing, concluding that neither piece of evidence warranted a new trial.  Shortly thereafter, the District Court received from Whoolery a request for leave to file a reply to the Government's opposition filing.  That request was dated January 22nd and had been mailed on January 23rd.  While that request was pending, Whoolery timely filed a notice of appeal challenging the District Court's January 23rd order.  The District Court subsequently denied his request for leave to file a reply as moot.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  "We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion," United States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008), and we may summarily affirm the District Court's judgment if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P.

---

[1] Baldwin was not sentenced on her conspiracy-to-commit-wire-fraud conviction until after Whoolery's trial.

3

33(a). As we have previously explained, "[t]here are five requirements that must be met before a court may grant a new trial on the basis of newly discovered evidence." United States v. Quiles, 618 F.3d 383, 388 (3d Cir. 2010). They are as follows:

> "(a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

Id. at 388-89 (quoting United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000)).[2] A movant "bears a heavy burden in proving each of these requirements." United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010) (internal quotation marks omitted). "If just one of the requirements is not satisfied, a defendant's Rule 33 motion must fail." United States v. Kelly, 539 F.3d 172, 182 (3d Cir. 2008).

---

[2] Whoolery argues that his Rule 33 motion should be governed by the three-part test set forth by the United States Court of Appeals for the Seventh Circuit in Larrison v. United States, 24 F.2d 82 (7th Cir. 1928). That test requires a showing that "(1) the witness is material and the testimony false; (2) the jury *might* have reached a different verdict if it knew the testimony was false or if it hadn't heard the testimony; and (3) the defense was taken by surprise by the false testimony or didn't learn of its falsity until after trial." United States v. Mitrione, 357 F.3d 712, 717 (7th Cir. 2004), vacated on other grounds, 543 U.S. 1097 (2005). The District Court rejected this argument (though the court went on to conclude that Whoolery's Rule 33 motion failed regardless of which test governed), and we agree with the District Court that our Circuit's five-part test controls here. As we have previously noted, we have not adopted the Larrison test. Gov't of V.I. v. Lima, 774 F.2d 1245, 1251 n.4 (3d Cir. 1985). Although we did apply that test in United States v. Massac, 867 F.2d 174 (3d Cir. 1989), that case is distinguishable from Whoolery's case because the parties there agreed to apply that test, id. at 178. We note that the Seventh Circuit itself has since overruled the Larrison test. See Mitrione, 357 F.3d at 718.

In this case, the District Court did not abuse its discretion in concluding that Whoolery failed to satisfy the five-part test. The evidence submitted in support of his Rule 33 motion was merely impeachment evidence, and he failed to show that the jury probably would have reached a different verdict if it had been privy to this evidence. As the District Court explained,

> [t]he evidence of [Whoolery's] guilt admitted at trial, independent of Baldwin's testimony, was overwhelming. Many co-conspirators, in addition to Baldwin, testified that [Whoolery] was involved in the mortgage fraud scheme. Volumes of documentary evidence were admitted into the record showing [Whoolery's] involvement in the fraud of which he was convicted. There can be no denying that Baldwin was a witness against [Whoolery], but she was by no means the only, or even an especially crucial, witness against him.

(Dist. Ct. Op. entered Jan. 23, 2015, at 5.)[3]

As indicated above, the District Court denied Whoolery's Rule 33 motion before he was able to file a reply to the Government's opposition response. We need not remand on that basis. Whoolery has submitted his proposed reply brief to this Court.

---

[3] Whoolery argues that the District Court's statement that the evidence at trial was "overwhelming" violated the law-of-the-case doctrine because we noted in our opinion on direct appeal that the evidence against him was "sufficient." This argument is creative but meritless. "Under the law of the case doctrine, once an issue has been decided, parties may not relitigate that issue in the same case." Waldorf v. Shuta, 142 F.3d 601, 616 n.4 (3d Cir. 1998). The District Court did not violate that doctrine here, for our opinion on direct appeal did not consider, let alone decide, whether the evidence against Whoolery was "overwhelming" or merely "sufficient." Rather, our brief reference to the sufficiency of the evidence ("[t]here was sufficient evidence for the jury to find pecuniary fraud," Whoolery, 579 F. App'x at 81) was made in the context of determining that Whoolery was not prejudiced by the inclusion of a jury instruction on honest services fraud. See id.

Having reviewed that reply, we cannot conclude that the resolution of his Rule 33 motion may have been different if the District Court had the benefit of that submission. Additionally, although Whoolery claims that the District Court failed to consider his two pieces of evidence *collectively* when ruling on his Rule 33 motion, we have considered the cumulative impact of this evidence and conclude that the motion still fails for the reasons stated in the immediately preceding paragraph. Finally, Whoolery has not demonstrated that the District Court abused its discretion by not holding an evidentiary hearing before ruling on the motion. See United States v. Herman, 614 F.2d 369, 372 (3d Cir. 1980) (explaining that an evidentiary hearing need not be held in every case in which a defendant moves for a new trial).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. Whoolery's motion for appointment of counsel and oral argument is denied. His request for a "scheduling order," as well as his request that we reassign this case to a different District Judge on remand, are denied as moot.[4]

---

[4] In making this latter request, Whoolery appears to claim that the presiding District Judge was biased against him. Such a claim is unsupported by the record and meritless.