**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2768
_____

IN RE:  LEWIS WHOOLERY
                                                      Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-10-cr-00144-002)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 20, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 29, 2018)
_____

OPINION*
_____


PER CURIAM

    Lewis Whoolery petitions this Court for a writ of mandamus pursuant to 28 U.S.C.

§ 1651 compelling Judge Joy Flowers Conti to recuse herself from ruling on his motion

filed pursuant to Fed. R. Civ. P. 60(b)(3), and from any further proceedings related to

him.  For the following reasons, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2013, Whoolery was convicted of conspiring to commit wire fraud, and sentenced to 120 months' imprisonment. The conviction stems from a mortgage fraud scheme through which appraisers overstated the true market values of properties, and loan officers submitted false information to lenders about the financial condition of borrowers. The scheme resulted in more than $80 million in fraudulent loans. We affirmed Whoolery's conviction on direct appeal. See United States v. Whoolery, 579 F. App'x 78, 80 (3d Cir. 2014). Since then, Whoolery has sought unsuccessfully to attack his conviction.

The District Court denied Whoolery's timely motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, and we affirmed. See C.A. No. 15-1334. In 2015, Whoolery filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel and prosecutorial misconduct. The District Court denied the motion in a 141-page opinion; Whoolery appealed, and we declined to issue a certificate of appealability (COA). See C.A. Nos. 16-3243 & 16-3483.

While that appeal was pending, Whoolery filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate the District Court's order denying his § 2255 motion, and a motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1. In his Rule 60(b) motion, he alleged that he had only recently obtained a copy of co-defendant Jason Sheraw's guilty plea colloquy. The Government presented evidence at trial that Whoolery had negotiated an arrangement with Sheraw, a licensed appraiser, pursuant to which he was paid $4,000 per month to allow Whoolery's sister Kimberly Baldwin, an unlicensed appraiser, to prepare

2

and sign fraudulent appraisals in his name. Sheraw pleaded guilty to conspiracy to commit wire fraud the day before jury selection began in Whoolery's trial. Although Sheraw acknowledged at the plea hearing that the Government could establish the elements of the charge of conspiracy to commit wire fraud, his counsel argued that there was no direct evidence that Whoolery and Sheraw had an agreement, and that the evidence would prove, at best, that Sheraw was "willfully blind" to the fact that Baldwin was misusing his credentials. See United States v. Wert-Ruiz, 228 F.3d 250, 255 (3d Cir. 2000) ("willful blindness is a subjective state of mind that is deemed to satisfy a scienter requirement of knowledge") (citation omitted).

Whoolery argued that the plea colloquy transcript demonstrated that the Government presented perjured testimony at his trial. He presented claims for prosecutorial misconduct for withholding exculpatory evidence (the transcript) and for presenting perjured testimony, and ineffective assistance of counsel for failing to raise these arguments at trial. The District Court denied the Rule 60(b) motion for lack of subject matter jurisdiction. The Court also denied Whoolery's Rule 62.1 motion because it determined that the Rule 60(b) motion failed to raise a substantial question, and, therefore, it would deny that motion if the matter were remanded. We declined to issue a COA.

Whoolery then filed a motion pursuant to Rule 60(b)(3), seeking relief from the District Court's order denying his Rule 60(b) & Rule 62.1 motions. He also filed a motion to pursuant to 28 U.S.C. § 455(a), seeking Judge Conti's recusal from ruling on the Rule 60(b)(3) motion and from any future proceedings related to him. As a basis for

3

recusal, Whoolery alleged that Judge Conti "accepted as true Jason Sheraw's factual basis [for his guilty plea] in complete contradiction of the theory the Government presented to prosecute Mr. Whoolery." In doing so, he alleged, Judge Conti "turned a blind eye" to the prosecution's misconduct at his trial, which violated his due process rights. Whoolery also claimed that a number of Judge Conti's rulings call into question her impartiality, including her decisions to sua sponte order that Sheraw's plea colloquy be transcribed, and then to deny the § 2255 motion before providing Whoolery with a copy of the transcript. On August 10, 2018, while these motions were pending before the District Court, Whoolery filed this petition, seeking a writ of mandamus compelling Judge Conti to recuse herself from ruling on the Rule 60(b)(3) motion, and from any future proceedings.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Whoolery must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief requested. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The District Court denied both the Rule 60(b)(3) and § 455(a) motions in an order entered on August 21, 2018. To the extent that that order has not mooted the petition, the request for mandamus relief is denied. Mandamus may be used to challenge a district judge's denial of a recusal motion pursuant to § 455. See In re: Kensington Int'l Ltd.,

4

368 F.3d 289, 300-01 (3d Cir. 2004).  In this case, however, Whoolery has not made the requisite showing necessary to warrant this extraordinary relief.

First, the District Court's August 21st order is a final, appealable order.  See 28 U.S.C. §§ 1291, 2253.  Therefore, Whoolery cannot demonstrate that he has "no other adequate means to obtain the desired relief."  Madden, 102 F.3d at 79; see also Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir.1992) (noting that a petitioner had an adequate alternative remedy where he could have filed an appeal).

Second, Whoolery cannot demonstrate that he has an indisputable right to the writ.  Section 455(a) requires recusal when the impartiality of the judge might reasonably be questioned.  As the District Court explained in denying the Rule 62.1 motion, Sheraw acknowledged at his plea hearing that there was a factual basis for the plea, and that the Government could establish the elements of the charge of conspiracy to commit wire fraud.  The District Court further noted that the Government presented a factual basis for Sheraw's guilty plea that was entirely consistent with the evidence it presented at Whoolery's trial, and that it did not agree to Sheraw's version of the facts at the plea hearing (i.e. his willful blindness theory of liability).  Moreover, Judge Conti did not resolve the factual differences between the Government and Sheraw in accepting that there was a factual basis for Sheraw's guilty plea.  Indeed, Sheraw's counsel conceded that the point of contention did not "interfere[ ] with Mr. Sheraw's acceptance of responsibility or the fact that the government has established a factual basis for the crime."  See E.D. Pa. Cr. No. 2-10-cr-00144-003, dkt. #412.  A reasonable person, with knowledge of all of these facts, would not reasonably question the impartiality of Judge

5

Conti.[1]  See In re Kensington, 353 F.3d at 220.  Accordingly, we perceive no basis for granting mandamus relief, and, therefore, we will deny Whoolery's petition.

---

[1] Whoolery's remaining arguments amount to dissatisfaction with Judge Conti's adverse rulings, which is an insufficient basis for recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal").